IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,   No.  CR.S-07-0248 WBS

     Plaintiff,

     v.   ORDER RE DEFENDANT CADENA'S
       MOTION FOR A BILL OF PARTICULARS

MANUEL CADENA,

     Defendant.
_____/

On April 30, 2008, this matter came before the undersigned for hearing on defendant Cadena's motion for a bill of particulars. Attorney John Balazs appeared specially for attorney Kathryn Druliner on behalf of defendant Manuel Cadena.  Assistant United States Attorney Jason Hitt appeared on behalf of the government.

Upon review of the documents filed in support of and in opposition to the motion, as well as consideration of the oral arguments presented, for the reasons set forth in more detail on the record at the hearing, the court denied defendant Cadena's motion.

/////

1

1         In this regard, through this motion defendant Cadena sought a bill of particulars by way of nine separately identified inquiries. He sought information including the exact language used by him indicating his agreement to enter the alleged conspiracy, the date, time and place of each overt act in which he engaged in furtherance of the charged conspiracy, the names and addresses of witnesses to those overt acts, and the names of all unindicted co-conspirators.

         The purpose of a bill of particulars is to inform the defendant of the nature of the charges against him or her with sufficient precision to enable the defendant to prepare for trial, to avoid or minimize the danger of surprise at the time of trial and to protect against double jeopardy should the defendant be prosecuted a second time for the same offense. United States v. Ayers, 924 F.2d 1468, 1483 (9th Cir. 1991); United States v. Mitchell, 744 F.2d 701, 705 (9th Cir. 1984); United States v. Giese, 597 F.2d 1170, 1180 (9th Cir. 1979).  Federal trial courts have broad discretion in determining whether or not to grant a motion for bill of particulars. See Will v. United States, 389 U.S. 90, 98 (1967); United States v. Walsh, 194 F.3d 37, 47 (2d Cir. 1999); see also United States v. Calabrese, 825 F.2d 1342, 1347 (9th Cir. 1987) (abuse of discretion standard on appeal).  In exercising its discretion the court should consider the totality of the information available to the defendants through the indictment, affirmations and pretrial discovery and determine whether, in light of the charges the defendants must answer, the filing of a bill of particulars is warranted. United States v. Reddy, 190 F. Supp. 2d 558, 565 (S.D.N.Y. 2002); United States v. Santiago, 174 F.

Supp. 2d 16, 34 (S.D.N.Y. 2001) (court should also consider the complexity of the offenses charged and the clarity of the indictment).

In striking a proper balance between the legitimate interest of the government and those of the defendants the court must keep in mind that a bill of particulars is not a discovery tool or a device to allow the defense to preview the government's evidence. United States v. Fletcher, 74 F.3d 49, 52 (4th Cir. 1996); United States v. Ramirez, 54 F. Supp. 2d 25, 29 (D.D.C. 1999); see also Santiago, 174 F. Supp. 2d at 34. Nor is it to be used to discover the witnesses the government intends to call at trial. United States v. DiCesare, 765 F.2d 890, 897-98 (9th Cir.), amended on other grounds, 777 F.2d 543 (1985). Rather, "[a] defendant is not entitled to know all the evidence the government intends to produce, but only the theory of the government's case." Giese, 597 F.2d at 1181. See also United States v. Ryland, 806 F.2d 941, 942 (9th Cir. 1986); United States v. Middleton, 35 F. Supp. 2d 1189, 1192 (N.D. Cal. 1999) ("the goal of a bill of particulars is satisfied if the defendant is aware of the 'theory of the government's case'"). Moreover, because it confines the government's case to the particulars furnished, a bill of particulars should not be granted that would unduly restrict the government's ability to present its case. United States v. Gibson, 175 F. Supp. 2d 532, 536 (S.D.N.Y. 2001) (citing United States v. Perez, 940 F. Supp. 540, 550 (S.D.N.Y. 1996)). Finally, "[t]he decisive inquiry in deciding such a motion is whether the indictment adequately advises 'the defendant of the specific acts of which he is accused.'" Santiago, 174 F. Supp. 2d at 34 (quoting United States v

3

Torres, 901 F.2d 205, 234 (2d Cir. 1990)).  See also Davidoff, 845 F.2d at 1154-55.

The indictment (charging a conspiracy beginning not later than August of 2006 and continuing through June 27, 2007), along with the pretrial discovery provided by the government, obviates the need for a bill of particulars in this case.  See DiCesare, 765 F.2d at 897 (government need not identify the date on which a conspiracy began by way of a bill of particulars); United States v. Shabazz, 995 F. Supp. 1109, 1115 (D. Or. 1998).  Of course, a bill of particulars listing unindicted co-conspirators is not warranted.  See United States v. DiCesare, 765 F.2d at 897 (request for names of unindicted co-conspirators did not warrant a bill of particulars); United States v. Shabazz, 995 F. Supp. at 1115.  To the extent the motion seeks particulars with respect to the time, date, places and acts through which defendant Cadena joined the conspiracy and completed his participation therein, the acts performed and the witnesses present, it seeks information more akin to evidentiary details not properly the subject of a bill of particulars.  See United States v. Mitlof, 165 F. Supp. 2d 558, 569 (S.D.N.Y. 2001); United States v. Jimenez, 824 F. Supp. 351, 363 (S.D.N.Y. 1993) (motions for "whens," "wheres," and "with whoms" regarding a conspiracy are routinely denied).

At the hearing on the motion counsel for the government represented that as of the time of the hearing on the motion, the theory of the case against defendant Cadena was based upon the drug transaction referred to in the discovery materials already provided to
/////

4

1  defense counsel.[1]  Given this representation and in light of the
2  clarity of the indictment, as well as the discovery provided to the
3  defense, no further particularity is required.  The information
4  provided to the defendant apprises him of the charge with sufficient
5  precision to enable him to prepare his defense and avoid unfair
6  surprise at trial.  See Giese, 597 F.2d at 1180.

## CONCLUSION

For the reasons set forth above and on the record at the hearing defendant Cadena's motion for a bill of particulars is denied.

IT IS SO ORDERED.

DATED: June 24, 2008.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:lg
cadena.0248.partorder

---

[1] Counsel for the government also noted however that, as in all multi-defendant cases, the state of the evidence was subject to change between the date of the hearing and trial with respect to any particular defendant.

5